UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER MCINTOSH,

         Plaintiff,

v.

RIVERSIDE MARINA,

         Defendant.

                                 /

Case No. 2:23-cv-11196

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION
## FOR TEMPORARY RESTRAINING ORDER [3][1]

Plaintiff Sylvester McIntosh and Defendant Riverside Marina signed a contract for Plaintiff to store his yacht at Defendant's facility from November 2022 to April 2023. ECF 1, PgID 12–18. Under the contract, vessels stored for the winter, if not removed from the storage facility by May 1, would be subject to a rate increase from $45 per day to $90 per day. *Id.* at 12. According to Plaintiff, Defendant damaged the yacht while it was in storage. *Id.* at 4. And Plaintiff claimed that when he requested compensation for the damage to the yacht, Defendant retaliated by raising the monthly storage fee from $45 per day to $90 per day. *Id.* at 5.

Defendant sent a letter to Plaintiff on May 5, 2023 and informed him that it was "exercising [its] right to place a lien on the [yacht]." *Id.* at 20. Defendant explained that Plaintiff's "account has been in default for 180 days or more" and that

---

[1] Based on the briefing of the parties, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

the yacht had been "stored on [Defendant's] property without a valid contract for 180 days or more." *Id.* Defendant requested payment of $15,044 by May 26, 2023 to cover "any past due amount, late fees, and the contract amount for the time the vessel has been stored." *Id.* Otherwise, Defendant stated, the payment amount would increase to $16,740 and the yacht "may be listed for sale at [Defendant's] next public auction." *Id.*

Plaintiff sued Defendant and requested that the Court enjoin the sale of the yacht. *Id.* at 6–7. Plaintiff also alleged breach of contract and negligence. *Id.* at 8–10. Plaintiff then moved for a temporary restraining order enjoining Defendant from selling the yacht. ECF 3. Plaintiff argued that he would suffer irreparable harm without a temporary restraining order because the yacht is "irreplaceable." *Id.* at 37. Plaintiff attached an affidavit to his motion in which he reiterated his claim that Defendant raised the daily storage rate to $90 per day "[t]o retaliate against [the] complaint." *Id.* at 27.

Federal Rule of Civil Procedure 65 governs temporary restraining orders. "[A] temporary restraining order is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits." *Stein v. Thomas*, 672 F. App'x 565, 572 (6th Cir. 2016) (McKeague, J., dissenting) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Four factors determine when a court should grant a temporary restraining order: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause

2

substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citation omitted). The party seeking a temporary restraining order bears the burden of justifying relief under the four factors. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citation omitted). For Rule 65 relief, the Court may rely on affidavits and hearsay evidence. *Damon's Rests., Inc. v. Eileen K Inc.*, 461 F. Supp. 2d 607, 620–21 (S.D. Ohio 2006).

As to the first factor, Plaintiff argued that he had a strong likelihood of success on the merits because Defendant breached the contract when it requested payment of $16,740 and increased the daily storage rate to $90 per day. ECF 3, PgID 35–36. But under the contract, Defendant had "a lien on the boat that may be foreclosed in the event of . . . non-payment of the fees due." ECF 1, PgID 16 (emphasis omitted). The contract also provided that vessels stored for the winter, if not removed from the storage facility by May 1, 2023, would be subject a rate increase from $45 per day to $90 per day. *Id.* at 12. And Defendant sent a letter to Plaintiff explaining that the daily storage rate would be increasing to $90 per day because Plaintiff had failed to make payments under the contract for more than 180 days. *Id.* at 20. Plaintiff "disagree[d] with the amount claimed" and submitted an affidavit that repeated his arguments as to the alleged breach of contract, but he did not provide any further argument or evidence to support his position. *See* ECF 3, PgID 27–28, 36. He merely alleged that he "has not been in default for 180 days." *Id.* at 36; *see* ECF 1. What is more, Plaintiff did not address the letter from Defendant that provided a non-

3

retaliatory rationale for raising the daily storage rate to $90 per day. *See* ECF 1, PgID 20; ECF 3, PgID 35–36. In all, Plaintiff does not have a strong likelihood of success on the merits of his claims because they lack support or are otherwise contradicted by record evidence.

As to the second factor, Plaintiff failed to explain how he would "suffer irreparable injury absent a stay." *Ne. Ohio Coal.*, 467 F.3d at 1009. Plaintiff argued that he would suffer irreparable injury because the yacht is irreplaceable given "the special nature of vessels capable of navigating the Great Lakes." ECF 3, PgID 37. He also claimed that "any sale of the vessel will not be commercially reasonable unless or until the vessel can be adequately repaired." *Id.* Aside from Plaintiff's conclusory arguments, no evidence suggests that the harm alleged by Plaintiff—the sale of the yacht—could not be fully compensated by money damages. *See id.* Indeed, "[a]n irreparable harm is an extraordinary harm—one that cannot be fully compensated by money damages." *Norris v. Stanley*, 558 F. Supp. 3d 556, 560 (W.D. Mich. 2021) (citing *Winter v. NRDC*, 555 U.S. 7, 22 (2008)). Accordingly, Plaintiff's argument fails.

To be sure, the third factor weighs in favor of granting the motion. No evidence suggests that granting a temporary restraining order would "cause substantial harm to others." *Ne. Ohio Coal.*, 467 F.3d at 1009 (citation omitted). But the balance of the factors nonetheless weighs against granting the motion for a temporary restraining order. And the Court "need not address the public interest factor" because "Plaintiff failed to show that []he is substantially likely to succeed on the merits of this case and that []he will face an irreparable injury not compensable by monetary damages."

*Norris*, 558 F. Supp. 3d at 560. Thus, after consideration of the four factors, the Court will deny the motion.

      **WHEREFORE**, it is hereby **ORDERED** that the motion for a temporary restraining order [3] is **DENIED**.

      **SO ORDERED.**

                                    s/ Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: June 6, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 6, 2023, by electronic and/or ordinary mail.

                                    s/ Amanda Chubb
                                    Case Manager