UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER McINTOSH,                          Case No. 2:23-cv-11196-SJM-APP
Individually and as Owner of the             Hon. Stephen J. Murphey III
MOTOR YACHT GLOBAL                           Mag. Judge Anthony P. Patti
PROPERTY,

     Plaintiff,

vs.

RIVERSIDE MARINA, an ABC
PROFESSIONAL ENTERPRISE LLC
Company,

     Defendant.

_____/

| | |
|---|---|
| Kurt Thornbladh (P25858) | Angela L. Baldwin (P81565) |
| Thornbladh Legal Group PLLC | Melvin B. Hollowell (P37834) |
| 7301 Schaefer | The Miller Law Firm, P.C. |
| Dearborn, MI 48126 | 211 West Fort Street, Suite 705 |
| (313) 943-2678 | Detroit, MI 48226 |
| kthornbladh@gmail.com | T: (248) 841-2200 |
| Attorney for Plaintiff | F: (248) 652-2852 |
| | alb@millerlawpc.com |
| | mbh@millerlawpc.com |
| | Attorneys for Defendant |

_____/

## DEFENDANT'S ANSWER TO PLAINITFF'S COMPLAINT

Defendant, Riverside Marina, an ABC Professional Enterprise LLC Company, (collectively "ABC") for its Answer and Affirmative Defenses to Plaintiff Sylvester McIntosh's Complaint, states as follows:

## I.    INTRODUCTION

Defendant admits that Plaintiff purports to bring this breach of contract case under Admiralty and Maritime Jurisdiction seeking to enjoin the sale and be awarded for property damages to a motor vessel. Except as expressly admitted, Defendant denies the allegations contained in the introduction paragraph.

## II.    PARTIES

1.    ABC admits the Motor Yatch is located in the City of Detroit, Michigan. ABC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 and, therefore, denies them as untrue.

2.    ABC admits the allegations contained in Paragraph 2.

3.    ABC admits the allegations contained in Paragraph 3 as it relates to the named Defendants only. Further, ABC states that the Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6).

## III.    JURISDICTION AND VENUE

4.    ABC denies the allegations contained in Paragraph 4.

5.    ABC states that the allegation contained in Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, ABC denies the allegations contained in Paragraph 5.

6.     ABC admits that 46 USC §31343(c)(2) provides the district courts of the United States jurisdiction. Except as expressly admitted, ABC denies the allegations contained in paragraph 6.

7.     ABC states that the allegation contained in Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, ABC denies the allegations contained in Paragraph 7.

8.     ABC denies the allegations contained in Paragraph 8.

9.     ABC denies the allegations contained in Paragraph 9.

## IV.    FACTS

10.    ABC admits the allegations contained in Paragraph 10.

11.    ABC admits the allegations contained in Paragraph 11.

12.    ABC states that the Riverside Marina storage contract speaks for itself. Except as expressly admitted, ABC denies the allegations contained in Paragraph 12.

13.    ABC admits the allegations contained in Paragraph 13.

14.    ABC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 and, therefore, denies them as untrue.

15.    ABC denies the allegations contained in Paragraph 15 as untrue.

16.    ABC denies the allegations contained in Paragraph 16 as untrue.

17.    ABC denies the allegations contained in Paragraph 17 as untrue.

18.     ABC denies the allegations contained in Paragraph 18 as untrue.

19.     ABC denies the allegations contained in Paragraph 19 as untrue.

20.     ABC denies the allegations contained in Paragraph 20 as untrue.

21.     ABC denies the allegations contained in Paragraph 21 as untrue.

22.     ABC states that the Riverside Marina storage contract speaks for itself. Except as expressly admitted, ABC denies the allegations contained in Paragraph 22.

23.     ABC denies the allegations contained in Paragraph 23 as untrue.

24.     ABC states that the Riverside Marina storage contract speaks for itself. Except as expressly admitted, ABC denies the allegations contained in Paragraph 24.

25.     ABC denies the allegations contained in Paragraph 25 as untrue.

26.     ABC denies the allegations contained in Paragraph 26 as untrue.

27.     ABC denies the allegations contained in Paragraph 27 as untrue.

28.     ABC admits the allegations contained in Paragraph 28 as Plaintiff's account is in default/auction status.

29.     ABC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 29 and, therefore, denies them as untrue.

30.     ABC denies the allegations contained in Paragraph 30 as untrue.

## V.    COUNT I ENJOIN SALE AND VOID LIEN

31.    ABC incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs.

32.    ABC states that the Riverside Marina storage contract speaks for itself. Except as expressly admitted, ABC denies the allegations contained in Paragraph 32.

33.    ABC denies the allegations contained in Paragraph 33 as untrue.

34.    ABC denies the allegations contained in Paragraph 34 as untrue.

35.    ABC states that MCL 570.317 et seq speaks for itself. Except as expressly admitted, ABC denies the allegations contained in Paragraph 35 as untrue. Further, ABC states that the allegations contained in Paragraph 35 calls for a legal conclusion to which no response is required.

36.    ABC denies the allegations contained in Paragraph 34 as untrue. Further, ABC states that the Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction finding that Plaintiff argument for irreparable harm fails. (ECF No. 6)

37.    ABC admits only that Plaintiff sought a temporary restraining order and preliminary injunction and denies the remaining allegations contained in Paragraph 37 as untrue. Further, ABC states that the Court denied Plaintiff's Motion for

Temporary Restraining Order and Preliminary Injunction finding that Plaintiff argument for irreparable harm fails. (ECF No. 6)

38. ABC denies the allegations contained in Paragraph 38 as untrue.

## VI.   COUNT II DAMAGES TO THEMOTOR VESSEL

39. ABC incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs.

40. ABC admits the allegations contained in Paragraph 40.

41. ABC denies the allegations contained in Paragraph 41 as untrue.

42. ABC denies the allegations contained in Paragraph 42 as untrue.

43. ABC denies the allegations contained in Paragraph 43 as untrue.

## VII.   COUNT III BREACH OF CONTRACT

44. ABC incorporates by reference its foregoing responses to the allegations contained in the preceding paragraphs.

45. ABC admits the allegations contained in Paragraph 45.

46. The allegations contained in Paragraph 46 call for a legal conclusion to which no response is required. To the extent a response is required, ABC denies the allegations contained in Paragraph 46 as untrue.

47. ABC denies the allegations contained in Paragraph 47 as untrue.

48. ABC denies the allegations contained in Paragraph 48 as untrue.

49. ABC denies the allegations contained in Paragraph 49 as untrue.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in Defendant's favor with an award of costs, and grant it such other relief as may be just and appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred, in whole or in part, by his own breach of the parties' contract.

2.     Plaintiff assumed the risk of any losses sustained, if any.

3.     Plaintiff's damages, if any, were proximately caused, in whole or in part, by the conduct of Plaintiff's acts or omission, of the acts or omission of third persons.

4.     Plaintiff is barred from recovery, in whole or in part, to the extent Plaintiff has failed to state a claim upon which relief may be granted.

5.     Plaintiff's claim fails, in whole or in part, as Plaintiff has failed to mitigate its damages, if any.

6.     Plaintiff's claims fail, in whole or in part, because this Court does not have jurisdiction over Plaintiff's claims.

7.     Plaintiff's claims are barred by the doctrine of waiver, estoppel and/or laches.

8.      Plaintiff's claims are barred, in whole or in part, because of Plaintiff's contributory negligence and fault.

9.      Plaintiff may not seek equitable relief because he has an adequate remedy at law.

10.     Plaintiff's claims fail for insufficient service of process.

11.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is in default on existing payment obligations.

12.     Plaintiff failed to join a party under Rule 19.

13.     Damages sustained, if any, were the result of superseding, intervening causation but an independent and unforeseeable force which broke the chain of causation.

14.     Plaintiff's claims are barred, in whole or in part, as a result of a lien and collateral source payments.

15.     Plaintiff's claims are barred, in whole or in part, pursuant to the terms of the parties' arbitration agreement.

16.     Plaintiff's claims are barred by the doctrine of unclean hands.

Defendant reserves the right to assert additional affirmative defenses or other defenses as they are learned through the course of discovery or otherwise.

Respectfully Submitted,

**The Miller Law Firm, P.C.**

*/s/ Angela L. Baldwin*
Angela L. Baldwin (P81565)
Melvin B. Hollowell (P37834)
211 West Fort Street, Suite 705
Detroit, MI 48226
T: (313) 483-0880
F: (248) 652-2852
alb@miller.law

Dated: July 13, 2023                                  *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER McINTOSH,                         Case No. 2:23-cv-11196-SJM-APP
Individually and as Owner of the            Hon. Stephen J. Murphey III
MOTOR YACHT GLOBAL                          Mag. Judge Anthony P. Patti
PROPERTY,

       Plaintiff,

vs.

RIVERSIDE MARINA, an ABC
PROFESSIONAL ENTERPRISE LLC
Company,

       Defendant.

_____/

Kurt Thornbladh (P25858)                    Angela L. Baldwin (P81565)
Thornbladh Legal Group PLLC                 Melvin B. Hollowell (P37834)
7301 Schaefer                               The Miller Law Firm, P.C.
Dearborn, MI 48126                          211 West Fort Street, Suite 705
(313) 943-2678                              Detroit, MI 48226
kthornbladh@gmail.com                       T: (248) 841-2200
Attorney for Plaintiff                      F: (248) 652-2852
                                            alb@millerlawpc.com
                                            mbh@millerlawpc.com
                                            Attorneys for Defendant

_____/

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 13, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                       */s/Angela L. Baldwin*_____
                                       Angela L. Baldwin (P81565)