UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER McINTOSH,                     Case No. 2:23-cv-11196-SJM
Individually and as Owner of the        Hon. Stephen J. Murphey III
MOTOR YACHT GLOBAL                      Mag. Judge Anthony P. Patti
PROPERTY,

     Plaintiff,

vs.

RIVERSIDE MARINA, an ABC
PROFESSIONAL ENTERPRISE LLC
Company,

     Defendant.

_____

Kurt Thornbladh (P25858)                Angela L. Baldwin (P81565)
Thornbladh Legal Group PLLC             Melvin B. Hollowell (P37834)
7301 Schaefer                           The Miller Law Firm, P.C.
Dearborn, MI 48126                      211 West Fort Street, Suite 705
(313) 943-2678                          Detroit, MI 48226
kthornbladh@gmail.com                   T: (248) 841-2200
Attorney for Plaintiff                  F: (248) 652-2852
                                        alb@millerlawpc.com
                                        Attorneys for Defendant

_____

## **<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, Riverside Marina, an ABC Professional Enterprise LLC

Company, (collectively "ABC") hereby moves to dismiss Plaintiff's First Amended

Complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(B)(6) because the parties are

subject to a mandatory arbitration agreement, as explained more fully below in the attached Brief in support.

1. ABC and Plaintiff Sylvester McIntosh ("McIntosh") are parties to the attached Storage Contract ("Agreement") executed on October 4, 2022.

2. The Agreement contains a mandatory arbitration provision pursuant to section seventeen (17) of the Agreement whereby the parties agreed to voluntarily waive the right to a jury trial, agreed to split the cost for arbitration; and agreed that the ruling of arbitration is final.

3. Plaintiff admits in his amended complaint that the underlying claim arises from and or is related to the Storage Contract.

4. ABC requests that the Court dismiss Plaintiff's FAC because the parties are required to arbitrate Plaintiff's claims under the clear and unambiguous terms of the Storage Contract.

5. In accordance with E.D. Mich. LR 7.1, ABC'S counsel sought concurrence in the relief requested by this Motion, on November 20, 2023, but concurrence was not granted, necessitating this Motion.

WHEREFORE, pursuant to Fed. R. Civ. P. 12(b)(6), and for the foregoing reasons and those set forth in the attached brief, ABC respectfully requests that this Honorable Court grant its Motion and issue an order dismissing Plaintiff's First Amended Complaint (ECF No.16) against ABC in its entirety due to the

contractually broad and mandatory arbitration provision in the parties Agreement.

ABC further requests that this Court grant it any other relief it deems necessary and

just.

Respectfully submitted,

/s/ *Angela L. Baldwin*
Angela L. Baldwin (P81565)
**THE MILLER LAW FIRM, P.C.**
211 West Fort Street, Ste. 705
Detroit, MI 48226
Tel: (248) 841-2200
alb@millerlawpc.com

Dated: November 20, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER McINTOSH,                    Case No. 2:23-cv-11196-SJM
Individually and as Owner of the       Hon. Stephen J. Murphey III
MOTOR YACHT GLOBAL                     Mag. Judge Anthony P. Patti
PROPERTY,

     Plaintiff,

vs.

RIVERSIDE MARINA, an ABC
PROFESSIONAL ENTERPRISE LLC
Company,

     Defendant.

_____/

Kurt Thornbladh (P25858)              Angela L. Baldwin (P81565)
Thornbladh Legal Group PLLC           Melvin B. Hollowell (P37834)
7301 Schaefer                         The Miller Law Firm, P.C.
Dearborn, MI 48126                    211 West Fort Street, Suite 705
(313) 943-2678                        Detroit, MI 48226
kthornbladh@gmail.com                 T: (248) 841-2200
Attorney for Plaintiff                F: (248) 652-2852
                                      alb@millerlawpc.com
                                      Attorneys for Defendant

_____/

**<u>DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

STATEMENT OF QUESTION PRESENTED.......................................................... ii

TABLE OF AUTHORITIES..................................................................................... iii

CONTROLLING AUTHORITY ...............................................................................iv

INTRODUCTION ......................................................................................................1

STATEMENT OF UNDISPUTED FACTS ...............................................................1

STANDARD OF REVIEW ........................................................................................3

LEGAL STANDARDS...............................................................................................5

ARGUMENT ..............................................................................................................8

I.      MCINTOSH'S COMPLAINT MUST BE DISMISSED BECAUSE THE
PARTIES AGREED TO BINDING ARBITRATION ...............................................8

      A. The FAA Governs the Arbitration Agreement ......................................8

      B. An Arbitration Agreement Exists and Is Enforceable ..........................9

      C. The Claim Falls Within the Scope of the Arbitration Agreement .......10

          1. All Doubts Are Resolved in Favor of Arbitrability........................10

          2. The Arbitration Agreement Is Broad And Unlimited....................11

      D. There Is No Other Basis to Deny the Motion .....................................12

CONCLUSION .........................................................................................................12

## STATEMENT OF QUESTION PRESENTED

I.      Whether the Court should dismiss Plaintiff's First Amended Complaint

where the entire dispute is subject to a mandatory arbitration provision.

Defendant ABC answers: "Yes"

Plaintiff McIntosh answers: "No"

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995)...................................8

*AT&T Technologies, Inc., v. Communications Workers of America*, 475 U.S. 643 (1986).................................................................................10, 11

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008).................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................5

*Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996)............................................................5

*Compucredit Corp. v. Greenwood*, 565 U.S. 95 (2012) ...........................................7

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985)............................... 6, 7, 8

*Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir. 1993) .......................7

*DeOrnellas v. Aspen Square Mgmt., Inc.*, 295 F. Supp. 2d 753 (E.D. Mich. 2003)..
................................................................................................................................6

*FCCI Insurance Company v. Nicholas County Library*, 2019 WL 1234319 (E.D. Ky March 15, 2019)................................................................................................4

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) .................................7

*Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000) .................7

*Green v. Ameritech Corp.*, 200 F.3d 967 (6th Cir. 2000).........................................4

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568 (6th Cir. 2003) ....................................................................................6, 11

*Martyn v. J.W. Korth & Co.*, 2011 WL 2144618 (W.D. Mich. June 1, 2011) .........8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1982) ...........6

*Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25 ..........................................10

*Nestle Waters North America, Inc. v. Bollman*, 505 F.3d 498 (6th Cir. 2007).........10

*Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989) .....7

*Shearson/American Express v. McMahon*, 482 U.S. 220 (1987) ..............................7

*Southland Corp. v. Keating*, 465 U.S. 1 (1984).......................................................7

*Stout v. J.D. Byrider*, 228 F.3d 709 (6th Cir. 2000) .............................................6, 7

*Stout v. J.D. Byrider*, 228 F.3d at 715....................................................................7

*Thomas v. Leja*, 468 N.W.2d 58 (1991) ..................................................................9

*Thomas v. Right Choice Staffing Grp., LLC*, 2015 WL 4078173 (E.D. Mich. .........6

*United Steel Workers of America v. Century Aluminum of Kentucky*, 157 F. App'x 869 (6th Cir. 2005)..............................................................................................10

**Statutes**

Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 ..................................................5truth

Racketeer Influenced and Corrupt Organizations Act...............................................7

Securities Act of 1933.............................................................................................7

Truth in Lending Act...............................................................................................7

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................ 3, 4, 5, 12

## <u>CONTROLLING AUTHORITY</u>

- Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.

- *Stout v. J.D. Byrider*, 228 F.3d 709 (6th Cir. 2000)

- *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1982)

- *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)

## INTRODUCTION

This Motion brings one question before this Court and that is whether the parties are bound by arbitration under the terms of the parties Storage Contract (or "Agreement"). There is no real dispute that the answer to this question is a resounding "yes". As such, the Federal Arbitration Act requires that Plaintiff be compelled to arbitrate its claim and, therefore, his First Amended Complaint ("FAC") should be dismissed.

## STATEMENT OF UNDISPUTED FACTS

This case arises out of a dispute for unpaid storage fees and property damage related to a 1978 Hatteras motor yacht ("Vessel"). (ECF No. 1). On October 4, 2022, Plaintiff signed a Storage Contract (or "Agreement") with Defendant ABC to store his Vessel from November 1, 2022, through April 14, 2023, at the price of $7,011.90 for inside heated storage. Plaintiff only made a single deposit of $750.00 and defaulted on his obligation to make payments under the Agreement. The Storage Contract provides in Section 23 and 26:

> In the event Lessee defaults on the obligation to make payments when due, Lessor is entitled to a marina and boat yard storage lein…If Lessee fails to renew or execute a new contract or remove the Vessel and equipment from the rented storage space at the termination of this Contract, Lessor shall:
>
> a) Charge Lessee daily rent of $45 for outside storage or $90 for inside storage or on a prorated basis for the storage space occupied; or
>
> b) Take possession of the boat and equipment and locking it to the storage space occupied and/or winterizing the vessel at the Lessee expense; or

c)  Move the boat and equipment to another location; or

d)  Charge a late fee of $45 per month and a 3% compounded interest; or

e)  Pursue any other remedy available under law.

Plaintiff also failed to maintain insurance for his vessel as required by the Agreement. Pursuant to Section 32 Insurance requirements of the Agreement, Plaintiff was required, at all times during the course of the Agreement, to maintain a Protection and Indemnity policy of insurance and a Hull and Machinery policy covering at least 100% of the actual value of the boat. Apart from the insurance Plaintiff was required to have pursuant to the parties Agreement, Plaintiff also agreed to hold harmless ABC.

After several attempts to collect payment, on January 5, 2023, ABC notified Plaintiff that due to non-payment for winter inside storage, Plaintiff would be charged a late fee with interest until Plaintiff paid his outstanding debt for breach of the parties Agreement. To date, Plaintiff has failed to make a single payment to ABC for the continuous storage of the vessel allowing fees to accrue. After the account was over 180 days past due, on May 5, 2023, ABC provided written notice to Plaintiff of its right to place a lien on Plaintiff's vessel and encouraged Plaintiff to settle his account by May 26, 2023.  ABC continues to incur costs daily to store and maintain Plaintiff's vessel and has done so without fair compensation.

2

Contrary to the terms of the parties Agreement, Plaintiff filed this instant action (ECF No. 1) and amended his complaint on August 8, 2023 (ECF No. 16). This dispute, however, is required to be arbitrated pursuant to Section 17 of the Storage Contract. (Exhibit A)  Specifically, the parties agreed to voluntarily waive the right to a jury trial, agreed to split the cost for arbitration; and agreed that the ruling of arbitration is final pursuant to the mandatory arbitration provision. Plaintiff admits that its claims against ABC arise from and are based upon the services that ABC performs pursuant to the Storage Contract which contains the arbitration provision. As such, Plaintiff McIntosh was required to submit his claim to arbitration. Despite the clear language of Arbitration Agreement, McIntosh has not sought arbitration to resolve the claim, as required by the parties Agreement. Instead, Plaintiff filed a FAC.

ABC now files this motion to dismiss because McIntosh is contractually required to arbitrate its claim as it is within the scope of the broad mandatory arbitration provision.

### STANDARD OF REVIEW

ABC seeks dismissal of McIntosh's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Courts have held that Rule 12(b)(6) is the proper basis upon which a party may bring a motion to dismiss based upon the

existence of a mandatory arbitration agreement. *See FCCI Insurance Company v. Nicholas County Library*, 2019 WL 1234319, at * 5 (E.D. Ky March 15, 2019):

> Alternatively, other courts address motions to compel arbitration as motions to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *See, e.g.*, *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-82 (8th Cir. 2017) (discussing the split and citing cases); *High v. Capital Senior Living Props. 2 e Heatherwood, Inc.*, 594 F. Supp. 2d 789, 795 (E.D. Mich. 2008).

> Similarly, the motion to compel arbitration in this case is most appropriately considered as a motion to dismiss under Rule 12(b)(6). The defect imposed by the mandatory arbitration provisions, if they apply to the claims brought by FCCI, is not lack of subject matter jurisdiction or improper venue. Simply put, a federal court may not grant relief on claims that are subject to a mandatory arbitration provision.

*See also Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.")

When a Court is presented with a Rule 12(b)(6) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion [for judgment on the pleadings], so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Here, the Storage Contract falls within the scope of Rule 12(b)(6) because "they are referred to in the [c]omplaint and are central to the claims contained therein." *Id.* Under Rule 12(b)(6), the Court must construe these documents "in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Here, for the reasons set forth below, it is beyond doubt that McIntosh's claim is subject to the mandatory Arbitration Agreement and, therefore, should be dismissed. Moreover, because there are no other claims not subject to arbitration, there is no reason to stay the litigation pending arbitration. However, in the alternative to dismissal, this Court should stay the litigation pending completion of arbitration.

## LEGAL STANDARDS

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, when faced with a motion to dismiss due to a mandatory Arbitration Agreement, the Court has four tasks:

> (1) to determine whether the parties agreed to arbitrate; (2) to determine the scope of any agreement to arbitrate; (3) if federal statutory claims are asserted, to decide whether Congress intended those claims to be non-arbitrable; and (4) if the court finds some, but not all, claims subject to arbitration, to decide whether to stay the remainder of the proceedings pending arbitration.

*Thomas v. Right Choice Staffing Grp., LLC*, 2015 WL 4078173, at \*4 (E.D. Mich. July 6, 2015) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). The above analysis must always be applied against the backdrop of a strong policy favoring arbitration as declared by United States Supreme Court. *See, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25 (1982) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 572-73 (6th Cir. 2003).

The FAA "requires a federal court to stay an action when an issue in the proceeding is referable to arbitration, *see* 9 U.S.C. § 3, and to compel arbitration when one party fails or refuses to comply with the provisions of an enforceable arbitration agreement." *DeOrnellas v. Aspen Square Mgmt., Inc.*, 295 F. Supp. 2d 753, 759 (E.D. Mich. 2003) (citing 9 U.S.C. § 4). The Supreme Court has held that enforcement of an arbitration agreement is mandatory: "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The party opposing arbitration bears the burden of

establishing that the arbitration agreement is somehow invalid or unenforceable. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). If parties contract to resolve their disputes in arbitration rather than in the courts, a party may not renege on that contract absent the most extreme circumstances. *See Southland Corp. v. Keating*, 465 U.S. 1, 24 (1984); *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir. 1993).

A district court's duty to enforce an arbitration agreement under the FAA is not diminished when a party bound by the agreement raises claims arising from statutory rights. *See, e.g.*, *Shearson/American Express v. McMahon*, 482 U.S. 220 (1987) (Racketeer Influenced and Corrupt Organizations Act); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989) (Securities Act of 1933); *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000) (Truth in Lending Act) ("In determining whether statutory claims may be arbitrated, we first ask whether the parties agreed to submit their claims to arbitration, and then ask whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."); *Stout v. J.D. Byrider*, 228 F.3d at 715.

The FAA establishes a strong congressional policy favoring arbitration agreements, and requires courts to enforce agreements to arbitrate according to their terms. *Compucredit Corp. v. Greenwood*, 565 U.S. 95 (2012). This mandate requires

that courts first determine that an arbitration agreement exists and, if so, whether it covers the dispute at issue. *See, e.g.*, *Stout*, 228 F.3d at 714.

Under the FAA, arbitration agreements are valid and enforceable, absent grounds at law or in equity for the revocation of the agreement. 9 U.S.C. § 2. Absent such grounds, this Court is required to order arbitration: "[b]y its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Martyn v. J.W. Korth & Co.*, 2011 WL 2144618, at *2 (W.D. Mich. June 1, 2011) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. at 218). The Court must begin from the presumption that the Arbitration Agreement is enforceable; hence, the party opposing arbitration bears the burden of establishing that the Arbitration Agreement is somehow invalid or unenforceable. *See Gilmer*, 500 U.S. at 26 (noting the burden is on the non-movant to show that Congress intended to preclude waiver of a judicial forum).

## ARGUMENT

## I.   MCINTOSH'S COMPLAINT MUST BE DISMISSED BECAUSE THE PARTIES AGREED TO BINDING ARBITRATION

### A.   The FAA Governs the Arbitration Agreement

The FAA governs all arbitration agreements "evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has interpreted this language broadly. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74

(1995) ("examining the statute's language, background, and structure, we conclude that the word 'involving' is broad and is indeed the functional equivalent of 'affecting'").

Here, Plaintiff McIntosh resides in Detroit, Michigan (ECF No. 16, at ¶ 1, PageID.2.) ABC is a Michigan corporation with its principal place of business in Michigan. (*Id*. at ¶ 2.) ABC is in the business of storing boats and operating a Marina in Michigan. The agreements entered into between the parties allow ABC store Plaintiffs boat.

### B.    An Arbitration Agreement Exists and Is Enforceable

There is no dispute that each of the Agreements between McIntosh and ABC contain valid arbitration provisions. There is no basis to find that this Agreement is not valid and enforceable under Michigan law.

Michigan's law of contract formation requires: (1) parties competent to contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Thomas v. Leja*, 468 N.W.2d 58, 60 (1991). Here, the parties, which are sophisticated and represented by counsel, have operated pursuant to these agreements before. Moreover, McIntosh does not challenge the validity of the arbitration, but rather relies upon the Agreement in his FAC. Thus, there can be no real dispute that a valid and enforceable Arbitration Agreement exists meeting the first element under the FAA.

### C.    The Claim Falls Within the Scope of the Arbitration Agreement

Here, the only real issue is whether McIntosh's FAC claim falls within the scope of the Arbitration Agreement. As established below, there can also be no serious dispute that it falls within the scope of the broad mandatory Arbitration Agreement at issue here. McIntosh cannot meet its burden of establishing that this claim was excluded from that broad Arbitration Agreement.

### 1. All Doubts Are Resolved in Favor of Arbitrability

As stated above, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25. In fact, any and all doubts regarding arbitrability of a particular claim may be denied only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc., v. Communications Workers of America*, 475 U.S. 643, 650 (1986); *Nestle Waters North America, Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007).

The presumption of arbitrability is particularly applicable to broad arbitration clauses, like the one at issue here. *See United Steel Workers of America v. Century Aluminum of Kentucky*, 157 F. App'x 869, 872 (6th Cir. 2005) (citing *AT&T Technologies*, 475 U.S. at 650) (finding presumption of arbitrability particularly applicable to arbitration clause covering "**any** differences **arising** with respect to the

interpretation of this contract or the performance of any obligation hereunder")
(emphasis added). *See also Highlands Wellmont Health Network, Inc. v. John Deere
Health Plan, Inc.*, 350 F.3d 568, 577 (6th Cir. 2003) (holding that: "[w]here the
arbitration clause is broad, only an express provision excluding a specific dispute or
'the most forceful evidence of a purpose to exclude the claim from arbitration,' will
remove the dispute from consideration by the arbitrators" and further noting that the
Sixth Circuit has "previously held . . . that an arbitration clause requiring arbitration
of any dispute arising out of an agreement is '*extremely* broad.'") (citing *AT&T
Technologies*, 475 U.S. at 650) (emphasis added).

### 2. The Arbitration Agreement Is Broad And Unlimited

Here, the Arbitration Agreement is both broadly worded and without any
words of limitation. The Arbitration Agreement provides:

> (17) OWNER AND THE MARINA HEREBY
> VOLUNTARILY AND INTENTIONALLY
> WAIVE THE RIGHT TO JURY TRAIL THAT
> EITHER PARTY MAY HAVE WITH REGARD
> TO THIS AGREEMENT AND AGREES TO
> ARBITRATION. EACH PARTY. OWNER.
> AND MARINA WILL PAY FOR AN
> ARBITRATOR. ONE (1) EACH PER PARTY
> AND BOTH PARTIES. COLLECTIVELY
> OWNER AND MARINA. WILL SELECT AND
> PAY FOR THIRD ARBITRATOR. BOTH
> PARTIES AGREE THAT RULING OF
> ARBITRATION IS FINAL.

This dispute is clearly within the scope of the Arbitration Agreement that each
party "waive the right to jury trial that wither party may have with regard to this

agreement and agrees to arbitration."  Moreover, there is **no** language of limitation or exclusion whatsoever in the Arbitration Agreement. (*Id*.) For example, the Arbitration Agreement does not attempt to exclude specific statutory claims. Therefore, there is simply no basis for McIntosh to argue that this dispute is somehow exempted from the broad terms of the Arbitration Agreement. As a result, McIntosh simply cannot meet its burden of establishing that the dispute is not within the scope of the Arbitration Agreement.

### D.     There Is No Other Basis to Deny the Motion

Finally, the last two tasks under the FAA standard are simply not applicable here. First, the FAC raises no issues related to federal statutory claims and Congress' intent for those claims to be non-arbitrable. Moreover, there is no language that suggests arbitration of this claim is precluded. Second, there is only one basis for the claims pled in the FAC and they are tied by the Storage Contract, so there is no basis or need to stay the litigation as there will be no claims remaining.

### CONCLUSION

McIntosh entered into a broad mandatory Arbitration Agreement with ABC and should be required to comply with it. For all of the above reasons, McIntosh's FAC must be dismissed pursuant to Fed. R. 12(b)(6) as it is barred by the Arbitration Agreement.

WHEREFORE, pursuant to Fed. R. Civ. P. 12(b)(6), and for the foregoing reasons set forth in this brief, ABC respectfully requests that this Honorable Court grant its Motion and issue an order dismissing McIntosh's FAC in its entirety. ABC further requests that this Honorable Court award it any other relief it deems necessary and just.

Respectfully Submitted,

**The Miller Law Firm, P.C.**

*/s/ Angela L. Baldwin*
Angela L. Baldwin (P81565)
211 West Fort Street, Suite 705
Detroit, MI 48226
T: (313) 483-0880
F: (248) 652-2852
alb@miller.law

Dated: November 20, 2023                    *Attorney for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER McINTOSH, APP
Individually and as Owner of the
MOTOR YACHT GLOBAL
PROPERTY,

       Plaintiff,

vs.

RIVERSIDE MARINA, an ABC
PROFESSIONAL ENTERPRISE LLC
Company,

       Defendant.

Case No. 2:23-cv-11196-SJM

Hon. Stephen J. Murphey III
Mag. Judge Anthony P. Patti

_____/

| Kurt Thornbladh (P25858) | Angela L. Baldwin (P81565) |
|---|---|
| Thornbladh Legal Group PLLC | The Miller Law Firm, P.C. |
| 7301 Schaefer | 211 West Fort Street, Suite 705 |
| Dearborn, MI 48126 | Detroit, MI 48226 |
| (313) 943-2678 | T: (248) 841-2200 |
| kthornbladh@gmail.com | F: (248) 652-2852 |
| Attorney for Plaintiff | alb@millerlawpc.com |
| | Attorneys for Defendant |

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023 I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/Angela L. Baldwin*

14